UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GRICELDA JANETH RAMOS CARDOZA, )
*and all others similarly situated under 29* )
*U.S.C. § 216(b)*, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, )
　　vs. )
　　　　　　　　　　　　　　　　　　　　　　)
MARIO'S CLEANING SERVICES, CORP., )
MARIO G. MOLINA, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

**COMES NOW** Plaintiff, GRICELDA JANETH RAMOS CARDOZA, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and files this Complaint against Defendants, MARIO'S CLEANING SERVICES, CORP. and MARIO G. MOLINA and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendants MARIO'S CLEANING SERVICES, CORP., is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employers for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MARIO G. MOLINA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period, and was responsible for paying

Plaintiff's wages for the relevant time period, and controlled Plaintiff's work and schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. All acts or omissions giving rise to this dispute took place in Broward County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a commercial cleaner from on or about September 15, 2014 through on or about May 15, 2015.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that

were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done is in excess of $500,000 for the year 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. Between the period of on or about September 15, 2014 through on or about May 15, 2015, Plaintiff worked an average of 51 hours per week for Defendants and was paid an average of $10 per hour, but was not paid the overtime rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate based upon the applicable rate for each hour worked above 40 for all weeks worked by Plaintiff.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. COUNT II: RETALIATION UNDER 29 U.S.C. § 215(a)(3)

**COMES NOW** Plaintiff, through undersigned Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. On May 13, 2015, Plaintiff demanded her unpaid overtime wages from Individual Defendant MARIO G. MOLINA.

17. On May 14, 2015, Plaintiff was fired by Individual Defendant MARIO G. MOLINA in his capacity as owner and agent of MARIO'S CLEANING SERVICES, CORP.

18. The termination of Plaintiff was an act of retaliation in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said termination was a filing a lawsuit claiming legally mandated wages and, as a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of

retirement, and all other damages recoverable by law 29 U.S.C. § 216(b). *Plaintiff requests a trial by jury.*

                Respectfully Submitted,

                J.H. Zidell, Esq.
                J.H. Zidell, P.A.
                Attorney For Plaintiff
                300 71st Street, Suite 605
                Miami Beach, Florida 33141
                Tel: (305) 865-6766
                Fax: (305) 865-7167
                Email: ZABOGADO@AOL.COM

                By:__/s/ J.H. Zidell_____
                    J.H. Zidell, Esq.
                    Florida Bar Number: 0010121