UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-61059-Marra/Matthewman

GRICELDA JANETH RAMOS CARDOZA,
*and all other similarly situated under 29*
*U.S.C. § 216(b),*

    Plaintiff

vs.

MARIO'S CLEANING SERVICES, CORP.,
MARIO G. MOLINA

    Defendants.

_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, MARIO'S CLEANING SERVICES, CORP., and MARIO G. MOLINA (collectively "Defendants") hereby answer, by corresponding paragraph numbers, Plaintiff's Complaint. For convenience, Defendants use the same headings as used by Plaintiff in the Complaint.

    1.    Defendants acknowledge that this purports to be a claim for unpaid wages and an action under the FLSA, however, Defendants deny that the Plaintiff has a cause of action for or is entitled to any relief based on any cause of action, and deny that this lawsuit is appropriate.

    2.    Defendants are without knowledge, and therefore deny.

    3.    It is admitted that MARIO'S CLEANING SERVICES, CORP., transacts business in Broward County, Florida, but it is denied that MARIO'S CLEANING SERVICES, CORP. is an FLSA employer. Any unanswered allegations in Paragraph 3 are denied.

    4.    Denied.

      5.      Denied.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

      6.      Denied.

      7.      Denied.

      8.      The allegations set forth in Paragraph 8 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

      9.      Admitted.

      10.      Denied.

      11.      Denied.

      12.      Denied.

      13.      Denied.

      14.      Denied.

      15.      Denied.

## PRAYER FOR RELIEF

The Defendants deny that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

      1.      The Plaintiff's Complaint, in whole or in part, fails to allege sufficient ultimate facts or state a claim upon which relief can be granted.

      2.      The Defendants deny all allegations, requests for relief, captions, headings or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendants.

      3.      The Defendants state that any alleged overtime by the Plaintiff, or any alleged similarly situated employee, spent on the job in excess of Plaintiff's work week was de minimus

as defined under the Fair Labor Standards Act 29 U.S.C. § 207(a)(1), and therefore, the Plaintiff is not entitled to any compensation.

4. If Plaintiff, or any alleged similarly situated employee, proves that the Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, a three year statute of limitations is not warranted.

5. The Defendants assert that the Plaintiff, or any alleged similarly situated employee, was not an employee engaged in commerce or the production of goods for commerce and, therefore, was not within the protected class of persons subject to the Fair Labor Standards Act at any time material hereto.

6. The Defendants state that the Plaintiff, or any alleged similarly situated employees, is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 255.

7. The Defendants state that the Plaintiff, or any alleged similarly situated employee's, claim is barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

8. If Plaintiff, or any alleged similarly situated employee, is able to show a violation of the FLSA, which is denied, the Defendants are entitled to seek a set-off for paid but unearned wages.

9. The Defendants state that the Plaintiff was an independent contractor and therefore not a covered employee under the FLSA.

10. The Defendants are not an enterprise as that term is defined under the FLSA as it does not gross revenues that exceed $500,000.00 per year.

**WHEREFORE**, the Defendants request that the Court retain jurisdiction to award the Defendants all relief to which they are entitled, including but not limited to, attorney's fees and costs on all issues, should the situation present itself and any other relief which this Honorable Court deems appropriate and necessary.

Dated: July 29, 2015

                                                  Respectfully submitted,

                                                  ***/s/ Jacob K. Auerbach***
                                                  Jacob K. Auerbach

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 29th day of July 2015, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of Electronic Filing.

                                                  **ANIDJAR AUERBACH LAW**
                                                  Jacob Auerbach, Esq.
                                                  5521 N. University Drive, Ste. 204
                                                  Coral Springs, FL 33067
                                                  Phone: (954) 906-8228
                                                  Jacob@AAlawllc.com

                                                  By: ***/s/ Jacob K. Auerbach***
                                                        Jacob K. Auerbach
                                                        FBN: 084003

*VIA CM/ECF*
Jamie H. Zidell, Esq.
Julia M. Garrett, Esq.
Steven C. Fraser, Esq.