UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA,
and all others similarly situated under 29 U.S.C.
§ 216(b),

    Plaintiff,

vs.

MARIO'S CLEANING SERVICES, CORP., et al.,

    Defendants.
_____/

## NOTICE OF SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Final Judgment (DE 28). The Court hereby gives notice to *Pro Se* Defendant Mario G. Molina that this Court will begin considering the motion on **May 10, 2016**.

Defendant may wish to consult Federal Rule of Civil Procedure 56, Southern District of Florida Local Rule 56.1, and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In response to a motion for summary judgment, a party must "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. In other words, in order to overcome a motion for summary judgment, a party must show there is a genuine issue for trial using affidavits, depositions, answers to interrogatories, and/or admissions on file. Additionally, Local Rule 56.1 requires that opposing

parties submit a concise statement of material fact which reflects there is a genuine issue to be tried.

Accordingly, Defendant shall file the following items with this Court by **April 14, 2016**: (1) a memorandum of law in opposition to the motion; (2) necessary sworn affidavits and other material in opposition to the motion; and (3) a concise statement of material fact which contends there is a genuine issue to be tried. If Defendant fails to submit the necessary sworn affidavits or the concise statement of material fact, this Court will accept all supported material facts set forth in the motion as true in accordance with Local Rule 56.1(b). If this Court grants the motion for summary judgment, summary judgment as to the issues raised in the motion shall be entered against Defendant without a full trial.

If Defendant does file a response, Plaintiff may file a reply thereto consistent with the Local and Federal Rules of Civil Procedure.

Upon a brief review of the motion, the Court notes that the statement of facts and evidence in the record does not adequately address the causation element of Plaintiff's retaliation claim. At best, they establish that Plaintiff accused Defendants of retaliation and that Defendants' agent made a statement which could be construed either as a denial or an implicit admission. A trier of fact would have to consider that response and other evidence, including the timing of the termination, to determine whether the claim for overtime pay was the cause of the termination. Notably, the admissions Plaintiff supplied in support of her motion do not address Defendants' reason for firing her. To avoid the need for successive motions for summary judgment, the Court *sua sponte* grants Plaintiff leave to file a supplemental statement of facts (supported by an admission or other evidence) in support of its motion for summary judgment by **May 2, 2016**. If Plaintiff files such a supplemental statement of facts, Defendants shall have until **May 9, 2016** to

file a supplemental response.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of March, 2016.

_____
KENNETH A. MARRA
United States District Judge