UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA,
and all others similarly situated under 29 U.S.C.
§ 216(b),

      Plaintiff,

vs.

MARIO'S CLEANING SERVICES, CORP., et al.,

      Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's Motion for Summary Final Judgment (DE 28).
Plaintiff's motion is mislabeled. While Plaintiff entitled her motion as one for summary "final"
judgment, it is actually a motion for partial summary judgment as to liability only. In her motion,
Plaintiff requests a ruling solely as to liability and states that "this matter should proceed to trial to
solely determine the amount of damages owed." (DE 28 at 8.) The Court thus construes the motion
as a motion for partial summary judgment. Because Defendant Mario G. Molina is *pro se*, the Court
entered a Notice of Summary Judgment on March 28, 2016 stating that it would begin to consider
Plaintiff's motion for summary judgment on May 10, 2016. (DE 32.)

Defendants failed to respond to the motion and the time to do so has expired. Pursuant to
Local Rule 56.1(b), all material facts set forth in Plaintiff's statement of facts are thus deemed
admitted provided that they are supported by evidence in the record. After reviewing the motion and
the evidence in the record, the Court finds that the material facts set forth in Plaintiff's statement of
facts are supported and that Plaintiff is entitled to judgment as a matter of law as to liability on her

overtime claim.

As to Plaintiff's claim for retaliation, however, Plaintiff has failed to show entitlement to summary judgment as to liability as a matter of law. While Plaintiff's statement of facts are uncontroverted, those facts do not establish the causation element for her retaliation claim. At best, they establish that Plaintiff accused Defendants of retaliation and that Defendants' agent made a statement that could be construed as a denial or an implicit admission. A trier of fact would have to consider that response and other evidence, including the timing of the termination, to determine whether the claim for overtime pay was the cause of the termination. Notably, the admissions Plaintiff supplied in support of her motion do not address Defendants' reason for firing her.

The Court specifically identified this deficiency in its prior Notice of Summary Judgment. (DE 32 at 2.) The Court then *sua sponte* granted Plaintiff leave to file a supplemental statement of facts addressing Defendants' reason for firing her and provided Plaintiff ample time to serve Defendants with a request for admissions on this issue that could support the supplemental statement of facts. (DE 32 at 2.) Despite this opportunity to cure this deficiency in her motion for summary judgment, Plaintiff failed to file anything following the Court's Notice of Summary Judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion (DE 28) is **GRANTED IN PART**. Partial summary judgment as to liability solely on Plaintiff's overtime claim is **ENTERED** in favor of Plaintiff and against Defendants. The motion is otherwise **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of May, 2016.

KENNETH A. MARRA
United States District Judge