UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA,
and all others similarly situated under
29 U.S.C. § 216(b),

    Plaintiff,

v.

MARIO'S CLEANING SERVICES, CORP.,
MARIO G. MOLINA,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court upon Plaintiff's Second Motion for Summary Judgment against Defendants, which was filed on October 25, 2016 (DE 44). The Court provided Defendants with a Notice of Summary Judgment, detailing the procedures to follow to oppose the Second Motion for Summary Judgment, on July 31, 2017. (DE 49.) Defendants did not file a response to the motion.[1] The Court has carefully considered the motion and is otherwise fully advised in the premises.

---

[1] Defendant Mario's Cleaning Services, Corp. is not represented by counsel in this matter. On August 10, 2015, by written Order, the Court permitted defense counsel to withdraw but cautioned Defendant that it could not represent itself, stating: "'[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.' *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, Defendant . . . cannot defend this action until it is represented by counsel." (DE 22.) To date, Defendant has not retained new counsel.

**I.     BACKGROUND**

The facts, as culled from affidavits and admissions, and reasonably inferred therefrom in a light most favorable to Defendants, for the purpose of this motion, are as follows:[2]

Plaintiff filed this lawsuit on May 19, 2016, against Defendants for claims for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (Count I) and retaliation under the FLSA (Count II). (DE 1.) After reviewing Plaintiff's first motion for summary judgment and the evidence in the record, the Court found that the material facts set forth in Plaintiff's statement of facts were supported and that Plaintiff was entitled to judgment as a matter of law as to liability on her overtime claim. (DE 28.) However, as to Plaintiff's claim for retaliation, the Court found that Plaintiff had not shown entitlement to summary judgment as to liability as a matter of law. (*Id.*) The Court reasoned that the admissions supplied by Plaintiff did not address Defendants' reason for firing Plaintiff. (*Id.*) In addition, construing Plaintiff's first motion for summary judgment as a motion for partial summary judgment as to liability only, the Court declined to rule on damages. (*Id.*)

According to the undisputed facts as now supplemented by Plaintiff's Second Request for Admissions (DE 44-2, Second Request for Admissions ("RFA")), which are deemed admitted due to Defendants' failure to respond, Defendants terminated Plaintiff's employment one day after she demanded overtime compensation as a result of Plaintiff's demand for overtime wages. (DE 44-2, Second RFA ¶¶ 7-9.) Defendants failed to pay Plaintiff $1,870.00 in overtime wages. (DE 44, Pl.'s

---

[2] Defendants did not controvert Plaintiff's statement of fact. Pursuant to Local Rule 56.1(b), "[a]ll material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b).

Mot. at 2.) Plaintiff lost wages for the five months she remained unemployed while searching for a new job, amounting to $11,300.00, which is based upon $565 lost weekly for 20 weeks unemployed. (DE 44-3, Pl.'s Aff. *Id.* ¶ 13.)

Plaintiff now moves for summary judgment as to the retaliation claim and as to entitlement to damages, claiming that Defendants are liable to her for unpaid overtime wages, liquidated damages, lost wages, other compensatory damages, and attorney's fees and costs.

## II.     LEGAL STANDARD

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record,] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. The material in the record must be viewed in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### III.  DISCUSSION

#### A.  FLSA Retaliation Claim

Plaintiff argues that she is entitled to summary judgment on her claim against Defendants for retaliation under the FLSA. "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (citation and internal quotation marks omitted, alteration in original) If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext. *See id.* In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights. *Id.*

Here, as a result of Defendants' failure to respond to Plaintiff's Request for Admissions, the factual matters in the Request are deemed admitted. Based upon Plaintiff's affidavit and

4

Defendants' admissions, Plaintiff has offered substantial evidence to show that her employment would not have been terminated but for her complaints to Defendants the previous day that she was not receiving overtime wages owed to her. ((DE 44-2, Second RFA ¶¶ 7-9; DE 44-3, Pl.'s Aff. ¶¶ 8-10.) Defendants have failed to articulate a legitimate business reason for the termination decision (or any reason at all). Accordingly, the Court concludes that Plaintiff has established an FLSA retaliation claim.

### B. Amount of Damages as to Overtime and Retaliation Claims

#### 1. Overtime Claim

As noted above, after reviewing Plaintiff's first motion for summary judgment and the evidence in the record, the Court found that the material facts set forth in Plaintiff's statement of facts were supported and that Plaintiff was entitled to judgment as a matter of law as to liability on her overtime claim, leaving only the issue of damages. (DE 28.) Plaintiff has now shown entitlement to unpaid wages in the amount of $1,870.00. (DE 44, Pl.'s Mot. at 2.)

Plaintiff also seeks liquidated damages under Section 216(b) of the FLSA, which permits liquidated damages in an amount equal to the unpaid overtime wages. An employer seeking to avoid liquidated damages bears the burden of proving that his violation of the FLSA was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (internal quotation marks omitted). "[L]iquidated damages are mandatory absent a showing of good faith." *Id.* Because Defendants have not shown good faith, the Court concludes that Plaintiff is entitled to $1,870.00 for unpaid overtime compensation, plus an award of liquidated damages in an equal amount, totaling $3,740.00 for Plaintiff's overtime claim.

2. Retaliation Claim

As discussed above, Plaintiff has established an FLSA retaliation claim, and the evidence demonstrates that she is owed lost wages for the five months that she remained unemployed due to the retaliatory discharge, totaling $11,300.00. (DE 44-3, Pl.'s Aff. *Id.* ¶ 13.) Plaintiff also claims that she is entitled to liquidated damages under Section 216(b) of the FLSA in an amount equal to the lost wages. Unlike an overtime case where a district court in this circuit must award liquidated damages in the absence of proof of good faith, however, in an FLSA retaliation case, a court may award liquidated damages in its discretion if that would "be appropriate to effectuate the purposes of" the retaliation section. *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1242 (11th Cir. 2013).

In this case, the Court finds that an award of lost wages properly compensates Plaintiff for the retaliation and, apparently operating under the false assumption that an award of liquidated damages was mandatory, Plaintiff has not pointed to any reason why an additional award of liquidated damages is appropriate to effectuate the purposes of the statute.

In addition, Plaintiff seeks damages associated with the emotional distress she suffered, namely, migraines and sleepless nights, as a result of her retaliatory discharge. (DE 44-3, Pl.'s Aff. *Id.* ¶¶ 15-16.) Given the circumstances of this case, the emotional distress Plaintiff has sworn she has suffered, and the lack of any particularly egregious facts, the Court finds that $2,500.00 is an appropriate amount of compensatory damages for Plaintiff's emotional distress. *Isaula v. Chicago Rest. Grp., LLC*, No. 13-CV-24387-JLK, 2014 WL 3477917, at *3 (S.D. Fla. July 11, 2014) (awarding same amount under similar circumstances).[3]

---

[3] The Court reserves judgment on whether, in a contested case, damages for emotional distress in an FLSA retaliation case are recoverable. Also, the Court concludes that an evidentiary hearing is unnecessary because all of the essential information supporting an award

Accordingly, Plaintiff is entitled to a total award of 13,800.00 in damages for her FLSA retaliation case, which is comprised of lost wages totaling $11,300.00 and $2,500.00 in damages for mental distress.

## IV.  CONCLUSION

Based upon the foregoing, Plaintiff is entitled to summary judgment against Defendants on her claims for violation of the overtime provisions of the FLSA and retaliation under the FLSA.  As such, for the reasons discussed herein, Plaintiff is entitled to unpaid overtime compensation in the amount of $1,870.00, liquidated damages in the same amount, lost wages of $11,300.00, and emotional distress damages of $2,500, for a total judgment in the amount of $17,540.00. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Second Motion for Summary Judgment against Defendants (DE 44) is **GRANTED** (with the exception of liquidated damages as to Plaintiff's retaliation claim).  The Court will separately issue judgment for Plaintiff in the amount of $17,540.00, plus post-judgment interest.  Within twenty (20) days of the date of entry of this order, Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of October, 2017.

_____
KENNETH A. MARRA
United States District Judge

---

of $2,500.00 in emotional distress damages is already before the Court by way of Plaintiff's affidavit. (DE 44-3).