UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA,   )
*and all others similarly situated under 29*   )
*U.S.C. § 216(b)*,   )
                                                                        )
                       Plaintiff,                                 )
          vs.                                                       )
                                                                        )
MARIO'S CLEANING SERVICES, CORP.,   )
MARIO G. MOLINA,                                    )
                                                                        )
                       Defendants.                           )
_____)

**<u>PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE ONE MOTION
REGARDING FEES AND COSTS INCLUDING FUTURE FEES AND COSTS
REGARDING COLLECTION OF FINAL JUDGMENT AT THE CONCLUSION OF
COLLECTION</u>**

COMES NOW the Plaintiff, by and through the undersigned counsel, and moves this Court for an enlargement of time to file one Motion regarding fees and costs to date along with future fees and costs at the conclusion of collection, in accordance with the Court's Order [DE51], and in support thereof state as follow:

1. On October 6, 2017, the Court granted Plaintiff's Second Motion for Summary Judgment [DE52] and entered Final Judgment [DE52] against Defendants, jointly and severally.

2. Per the Court's Order [DE51], within twenty (20) days of the date of entry of said Order, Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorneys' fees.

3. As set forth herein, Plaintiff respectfully requests that this Court enlarge time for Plaintiff to file one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to

piecemeal Plaintiff's request for attorneys' fees and costs in this cause and so that Plaintiff will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the Final Judgment [DE52]. As such, Plaintiff respectfully request that this Court enlarge time for Plaintiff to file one fee and cost motion after the collection of the Final Judgment [DE52] and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections. Further, Plaintiff's counsel should be entitled to collect reasonable attorneys' fees and costs in collection of the Final Judgment [DE52]to be determined by this Court upon collection per the below-cited law.

## **MEMORANDUM OF LAW**

A prevailing Plaintiff is a "party in whose favor judgment is rendered, *regardless of the amount of damages awarded* [emphasis added]." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Moreover, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees' should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. *Id.* Taxable costs are determined pursuant to 28 U.S.C. § 1920. *See* L.R. 7.3(c); *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011). There is a "strong presumption" that taxable costs be awarded to the prevailing party. *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Groves v. Royal Caribbean Cruises, Ltd.,* 2011 WL 817930, at * 1 (S.D. Fla. Mar. 2, 2011)

("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ferguson*, 2011 WL 3583754, at *1 (citation omitted). 28 U.S.C. § 1920 allows for the recovery of the following costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Under 28 U.S.C. § 1920(1), a prevailing party may recover costs associated with service of summons and subpoenas, "provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." *Santana v. RCSH Operations, LLC,* 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). Section 1920(3), as limited by 28 U.S.C. § 1821(b)3 authorizes the taxation of costs related to witness appearance fees and subsistence costs. *See also Drury v. Pena,* 1997 WL 718831, at * 13 (M.D. Fla. Oct. 15, 1997). These expenses include expenses for transportation and parking. *Dillon v. Axxsys InteYr., Inc.* 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006).

Herein, on October 6, 2017, the Court granted Plaintiff's Second Motion for Summary Judgment [DE52] and entered Final Judgment [DE52] against Defendants, jointly and severally. Plaintiff is the prevailing party in this case and entitled to recover reasonable attorneys' fees and costs from the Corporate Defendant. 29 USC 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory and Plaintiff respectfully requests to be awarded a full measure of the claimed fees and costs pursuant to 29 USC 216(b).

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

Per the Court's Order [DE51], within twenty (20) days of the date of entry of said Order, Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorneys' fees. The request to submit one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiff's request for attorneys' fees and costs in this cause and so that Plaintiff will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the Final Judgment [DE52]. As such, Plaintiff respectfully requests that this Court enlarge time for Plaintiff to file one fee and cost motion after the collection of the Final Judgment [DE52] and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

**Entitlement to future fees in re: collection of Final Judgment [DE52].**

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final Final Judgment [DE52]was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the Final Judgment [DE52]resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees and costs pursuant to the Court's decision in *DiFrancesco*.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ENLARGE TIME FOR PLAINTIFF TO FILE ONE FEE AND COST MOTION AFTER THE COLLECTION OF THE FINAL JUDGMENT [DE52] AND TO RETAIN JURISDICTION TO ENTERTAIN SAME SO THAT ONE FEE AND COST MOTION CAN BE FILED FOR ALL FEES AND COSTS TO DATE ALONG WITH FEES AND COSTS ASSOCIATED WITH COLLECTIONS AND SAID SUM SHALL BEAR INTEREST AT THE LEGAL RATE FROM THE DATE OF THE JUDGMENT ONWARD.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 10/9/17 TO:**

**ALL CM/ECF RECIPIENTS**

   BY:___/s/___Rivkah Jaff_____
        **RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA, )
*and all others similarly situated under 29* )
*U.S.C. § 216(b)*, )
)
   Plaintiff, )
 vs. )
)
MARIO'S CLEANING SERVICES, CORP., )
MARIO G. MOLINA, )
)
   Defendants. )
_____ )

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF FINAL JUDGMENT AT THE CONCLUSION OF COLLECTION

  This cause, having come before the Court on Plaintiff's above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

  It is hereby ordered and adjudged that:

  1. Plaintiff's counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the Final Judgment [DE52] to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the Final Judgment [DE52].

  2. Plaintiff's counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, MARIO'S CLEANING SERVICES, CORP., and MARIO G. MOLINA, jointly and severally, which sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let

execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the Final Judgment [DE52].

    3.   The Court reserves jurisdiction to enter such other and further orders as deemed proper.

    DONE AND ORDERED in Chambers, Miami, FL on this _____ day of _____, 2017.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record