UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA

GRICELDA JANETH RAMOS CARDOZA,           )
*and all others similarly situated under 29*    )
*U.S.C. § 216(b)*,                                          )
                                                                      )
                Plaintiff,                                     )
vs.                                                                 )
                                                                      )
MARIO'S CLEANING SERVICES, CORP.,    )
MARIO G. MOLINA,                                     )
                                                                      )
                Defendants.                             )
_____ )

**ORDER DENYING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME; AND ORDER OF REFERRAL**

This cause, having come before the Court on Plaintiff's Motion for Extension of Time to File One Motion Regarding Fees and Costs Including Future Fees and Costs Regarding Collection of Final Default at the Conclusion of Collection (DE 53), and the Court being duly advised in the premises, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion (DE 53) is **DENIED**.

2. The Court declines to determine, at this time, whether Plaintiff's counsel, J.H. Zidell, P.A., is entitled to collect hypothetical future attorney's fees and costs upon collection of the Final Judgment (DE52).  Plaintiff's counsel made the same request for hypothetical collection-related fees in another FLSA case, and the request was denied as premature.  *See Niebuhr v. K.F.A. Enterprises, Inc*., No. 09-22840-CIV-UNGARO, 2010 WL 5439762, at *11 (S.D. Fla. Dec. 28, 2010) ("Niebuhr asks the Court to enter an Order entitling his attorney to future fees in collection of the default judgment. In support of this request, Niebuhr cites to *DiFrancesco v. Home Furniture Liquidators,*

*Inc.*, 2009 WL 36550, at *4-5 (S. D. Fla. Jan.6, 2009) (DE # 46 at 4–5). However, in *DiFrancesco*, and in the cases cited therein, attorney's fees were awarded after they were actually incurred in collection of the default judgment. The undersigned will not rule at this time as to whether Niebuhr's counsel is entitled to an award of hypothetical, future attorney's fees which may be incurred in collection of the default judgment, unless and until Niebuhr's counsel actually incurs attorney's fees in collection of the default judgment in this case. Niebuhr has cited no authority to the contrary.").

3. As provided in the Court's Order (DE 51), Plaintiff's counsel shall submit affidavits specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees (and any recoverable costs) (excluding future collection-related fees and costs), on or before **October 26, 2017**.

4. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, it is hereby **ORDERED AND ADJUDGED** that the issue of attorney's fees and costs is **REFERRED** to United States Magistrate Judge William Matthewman for appropriate disposition or a report and recommendation.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this 11th day of October, 2017.

KENNETH A. MARRA
United States District Judge