UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 15-CV-61059-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA,
and all others similarly situated under 29
U.S.C. § 216(b),

    Plaintiff,

v.

MARIO'S CLEANING SERVICES, CORP.,
MARIO G. MOLINA,

    Defendants.
_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [DE 58]

THIS CAUSE is before the Court upon Plaintiff, GRICELDA JANETH RAMOS CARDOZA's ("Plaintiff") Verified Motion for Attorney's Fees and Costs [DE 58] filed on October 25, 2017. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 55. On November 14, 2017, the Court entered an order [DE 63] staying this case as to the individual Defendant, MARIO G. MOLINA, due to his suggestion of bankruptcy. [DE 62]. Plaintiff filed a Notice of Compliance in response to the Court's Order Requiring Response [DE 64], requesting the Court to proceed against the Corporate Defendant, MARIO'S CLEANING SERVICES, CORP., ("Defendant") on her Motion for Attorney's fees and costs [DE 58], and to hold her same Motion in abeyance as to the individual Defendant, Mario G. Molina, until such a time as the stay may be lifted. [DE 65]. Defendant has not filed a timely

1

response to the Motion.[1] The matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorney's Fees and Costs [DE 58].

## I.     BACKGROUND

On May 19, 2015, Plaintiff brought a lawsuit against Defendant, alleging violation of the Fair Labor Standards Act ("FLSA") for federal overtime wage violation (Count 1) and retaliation under 29 U.S.C. § 215(a)(3) (Count 2). [DE 1]. On October 25, 2016, Plaintiff filed her Second Motion for Summary Judgment [DE 44], and summary judgment was granted in favor of Plaintiff on October 6, 2017. [DE 51]. Final Judgment was entered in favor of Plaintiff and against Defendant on all counts in the amount of $17,540.00, plus post-judgment interest at the rate of 1.31% per annum. [DE 52]. On October 25, 2017, Plaintiff filed her Motion for Attorney's Fees and Costs, seeking $12,385.00 in attorney's fees and $570.00 in costs. [DE 58, pg. 3]. Plaintiff's counsel seeks attorney's fees for J.H. Zidell, Esq., Rivkah F. Jaff, Esq., and Neil Tobak, Esq. Attorney Zidell seeks an seeks an hourly rate of $350 and $390 an hour because he has been licensed to practice law in the State of Florida since 1994 and his firm has been primarily handling FLSA cases for approximately 18 years. [DE 58, pg. 6]. Attorney Jaff seeks an hourly rate of $290 per hour and in support of that rate states that he has been licensed to practice law in the State of Florida since 2013, is barred in the United States District Court for the Southern District of Florida and the United States Court of Appeals, Eleventh Circuit, and has been handling FLSA cases for almost four years. *Id.* Attorney Tobak also seeks an hourly rate of $290 an hour and in support

---

[1] Defendant is not represented by counsel in this matter. On June 10, 2015, by written Order, the Court permitted defense counsel to withdraw but cautioned Defendant that it could not represent itself, stating: "'[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.' Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, the artificial-entity Defendant cannot defend this action until it is represented by counsel." To date, Defendant has not retained new counsel. Further, Defendant has failed to respond to Plaintiff's pending motion.

2

states that he has been licensed to practice law in the state of Florida since 2011 and has been handling FSLA cases for approximately one year. *Id.* Plaintiff's counsel claims to have expended 34.1 hours in this case. [DE 58, pg. 5]. Plaintiff argues that the hourly rate and total award requested is in good faith and well-grounded in fact. *Id.*

## II. DISCUSSION

### A. ENTITLEMENT TO ATTORNEY'S FEES

There is no dispute that Plaintiff is entitled to attorney's fees. It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Silva v. Miller,* 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008). In the case at hand, the Court granted Plaintiff's Second Motion for Summary Judgment, so she is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees and costs.

### B. CALCULATION OF THE ATTORNEY'S FEE AWARD

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes,* 168 F. 3d at 427 (*citing Loranger v. Stierheim,* 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350

(11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F. 2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. 2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

4

If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on plaintiff to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

## 1. COUNSEL'S HOURLY RATE

Plaintiff seeks an award of $12,385.00 for 34.1 hours reasonably expended by attorneys J.H. Zidell, Esq., Rivkah F. Jaff, Esq., and Neil Tobak, Esq. [DE 58]. Specifically, Plaintiff requests hourly rates of $350 - $390 an hour for Attorney Zidell, and $290 an hour for Attorneys Jaff and Tobak. [DE 58]. In support of her request, Plaintiff states that Attorney Zidell been licensed to practice law in the State of Florida since 1994 and his firm has been primarily handling FLSA cases for approximately 18 years. [DE 58, pg. 6]. Plaintiff also states that Attorney Zidell has multiple published and unpublished Eleventh Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases. *Id.* Plaintiff states that Attorney Jaff has been licensed to practice law in the State of Florida since 2013, is barred in the United States District Court for the Southern District of Florida and the United States Court of Appeals, Eleventh Circuit, and has been handling FLSA cases for almost four years. *Id.* Plaintiff adds that Attorney Jaff has an appeal pending in the Eleventh Circuit Court of Appeals, and he is licensed to practice law in New York and New Jersey. *Id.* Plaintiff also states that Attorney Tobak has been licensed to practice law in the state of Florida since 2011, in the United States District Court for the Southern District of Florida since 2017, has been handling FSLA cases for approximately one year, and has a pending matter in front of the Supreme Court of Florida.

Plaintiff also cites to several cases from the Southern District of Florida in which courts have found that $350 and $390 per hour for Attorney Zidell and $200, $225, $260, and $290 per hour for Attorney Jaff was reasonable. *See* DE 124, *Flores v. Wheels America Miami, Inc.*, Case No. 1:13-cv-21672-JG; *Perez et. al. v. Anastasia M. Garcia, P.A., et. al.*, Case No. 1:15-cv-20615-JJO; *Marengo et. al. v. Doorman's Private Ride Service, Inc., et. al.*, Case No. 1:15-cv-22758-AOR. In determining an appropriate hourly rate, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). Plaintiff asserts that based on the credentials of each attorney and the time each attorney has been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates reasonable. *See De Armas v. Miabraz, LLC*, 12-20063-CIV-COHN, 2013 WL 4455699 at *3-4 (S.D. Fla. Aug. 16, 2013) (finding hourly rates of $300-350 an hour reasonable for attorney's practicing labor and employment law for the last 7-9 years); *see also Bacallao v. Zidell*, 16-20709-CIV-OTAZO-REYES, 2016 WL 6988883 (S.D. Fla. Nov. 3, 2016) (awarding an attorney practicing since 2009 $350 an hour in an FLSA overtime matter).

Based on the qualifications of each counsel, the fact that Mr. Zidell has practiced employment law for eighteen years, and the Court's own knowledge and experience, the Court concludes that $350 per hour is a reasonable hourly rate for Attorney Zidell, and $250 per hour is a reasonable hourly rate for Attorneys Jaff and Tobak. Therefore, this Court **RECOMMENDS** that the District Court find that an hourly rate of $350.00 for Attorney Zidell and $250 for Attorneys Jaff and Tobak is reasonable in this case.

## 2. NUMBER OF HOURS REASONABLY EXPENDED

According to the Plaintiff's motion for attorney's fees, Mr. Zidell billed a total of 26.8 hours on this case, Mr. Jaff billed a total of 5.9 hours on this case, and Mr. Tobak billed a total of 1.4 hours on this case. [DE 58, pg. 5]. If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman*, 836 F. 2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In demonstrating the hours are reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. V. Barnes,* 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

The Court has reviewed Plaintiff's counsel's billing records [DE 58-2] and finds that some of the legal work carried out by Plaintiff's law firm was excessive or unnecessary. For example, it took 2.6 hours to review the file and review the second motion for summary judgement, review the orders applicable to the summary judgment motion and to review case law and the material facts to be submitted, and 0.9 hours to review the fee ledger and motion drafted by associate and to revise the same. [DE 58-2]. Taking into account the fact that this is a standard FLSA case with relatively few docket entries, it seems clear that the billing by Plaintiff's counsel was somewhat excessive.

Because the Court has determined that some of the hours billed by counsel (34.1 hours) were somewhat excessive, a reduction is necessary. Rather than make line-by-line reductions in

hours for a case where excessive time was billed, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins,* 548 F.3d at 1350.

Accordingly, the undersigned **RECOMMENDS** an across-the-board reduction of Attorney Zidell, Jaff, and Tobak's hours by ten percent. In making this ten percent reduction, the Court has considered all relevant factors, including, but not limited to, the difficulty of the litigation and the degree of success obtained.

After the ten percent reduction is applied, Plaintiff is entitled to 30.7 hours' worth of attorney's fees. The 26.80 hours billed by Attorney Zidell shall be reduced to 24.12 hours. The 5.90 hours billed by Attorney Jaff shall be reduced to 5.31 hours, and the 1.4 hours billed by attorney Tobak shall be reduced to 1.26 hours. The Court finds that a total of 30.7 hours spent working on this case is reasonable and **RECOMMENDS** that the District Court compensate Plaintiff for 30.70 of the total hours claimed in the motion.

## C. LITIGATION EXPENSES AND COSTS

Plaintiff seeks an award of $570.00 in costs.   [DE 58-1].

Under the FLSA, the Court is directed to award the prevailing party the costs of the action. 29 U.S.C. § 216(b).  Additionally, Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  A "prevailing party" is the party in whose favor judgment is rendered by the Court.  *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,* 298 F. 3d 1238, 1248 (11th Cir. 2002).  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-442 (1987).  This statute provides in part,

8

>A judge or clerk of any court of the United States may tax as costs the following:
>
>(1) Fees of the clerk and marshal;
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover $570.00 in costs, which, according to Plaintiff's motion, includes the $400.00 filing fee for the District Court, $120.00 for service of summons and subpoenas, and $50.00 in copying fees. [DE 32-1, pg. 6]. Clearly, Plaintiff is entitled to her $400.00 filing fee pursuant to 28 U.S.C. § 1920.

Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes. *See U.S. E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that "[t]he Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921]a. Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Thus, Plaintiff's private process server fees of $120.00 are reasonable.

28 U.S.C. §1920(4) authorizes a judge of the United States to tax costs of making copies of any materials where the copies are necessarily obtained for use in the case. Photocopying costs may be recovered even though the underlying document was not admitted at trial. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (citing *United States for the Use and Benefit of*

9

*Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.,* 95 F.3d 153, 173 (2d Cir.1996)). In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue. *Id.* Plaintiff has made no showing that the copies in the amount of $50.00 were ever used in litigation. In fact, Plaintiffs bill of costs does not delineate any matter for which the copies were made. The Court does not find that copying fees in the amount of $50.00 are reasonable.

Thus, the Court will **RECOMMEND** that total costs in the amount of $520.00 be awarded.

### D. CALCULATION OF TOTAL AWARD

1. Total Attorney's Fees (24.12 hours at $350.00 per hour, 5.31 hours at $250.00 per hour, and 1.26 at $250.00 per hour): $8,442 for Attorney Zidell; $1,327.50 for Attorney Jaff; and $315.00 for Attorney Tobak, for a total of $10,084.50

2. Total Litigation Expenses and Costs: $520.00

### III. CONCLUSION

In light of the foregoing,

1. This Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Attorney's Fees & Costs [DE 58].

2. The Court **RECOMMENDS** that the District Court award Plaintiff, Gricelda Janeth Ramos Cardoza, her attorney's fees in the amount of $10,084.50.

3. The Court **RECOMMENDS** that the District Court award Plaintiff, Gricelda Janeth Ramos Cardoza, her costs in the amount of $520.00.

4. The Court **RECOMMENDS** that the District Court deny Plaintiff's motion in all other respects.

## IV. **NOTICE OF RIGHT TO OBJECT**

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the Report and Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of January, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE