UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA, )
*and all others similarly situated under 29* )
*U.S.C. § 216(b),* )
                         )
              Plaintiff, )
vs. )
                         )
MARIO'S CLEANING SERVICES, CORP., )
MARIO G. MOLINA, )
                         )
              Defendants. )
_____ )

## PLAINTIFF'S VERIFIED MOTION/AFFIDAVIT FOR FEES AND COSTS IN COMPLIANCE WITH THE COURT'S ORDER [DE69][1]

COMES NOW the Plaintiff, by and through undersigned counsel, and files the above-described Motion/Affidavit, and in support thereof states as follows:

1. On October 6, 2017, the Court entered Final Judgment in favor of Plaintiff and against Defendants on all counts for the amount of $17,540.00, plus post-judgment interest. [DE52]. Plaintiff has not recovered any monies owed to date.

2. On October 27, 2017, Plaintiff served the 30(b)(6) Corporate Representative of the Corporate Defendant, MARIO'S CLEANING SERVICES, CORP, with a Subpoena for Deposition In Aid of Execution *Duces Tecum*, and for same to occur on November 17, 2017.

---

[1] On November 14, 2017, the Court entered an Order [DE63] staying this case as to the individual Defendant due to his suggestion of bankruptcy [DE62]. **As such, this Motion is only as to the Corporate Defendant and should in no way be interpreted as an attempt to violate the stay pending at to the individual Defendant. Further, any relief sought herein is only as to the Corporate Defendant in light of the stay as a result of the individual Defendant's pending bankruptcy.**

This deposition would provide Plaintiff with an opportunity to determine the financial status of the Corporate Defendant in relation to collection proceedings.

3. On November 17, 2017, the undersigned firm organized for a court reporter to be in attendance for the deposition and Plaintiff's counsel prepared accordingly for the deposition and expended attorney time. However, the 30(b)(6) Corporate Representative of the Corporate Defendant did not make an appearance. Such resulted in wasted attorney preparation time, subpoenas service, and costs associated with the court reporter.

4. Given the failure to appear, Plaintiff moved the Court to compel deposition in aid of execution *duces tecum* of the 30(b)(6) Corporate Representative of the Corporate Defendant and for fees and costs [DE66]. *See also, DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009); *See also,* 28 U.S.C. § 1920 (which allows for the recovery of costs).

5. The Court granted Plaintiff's Motion [DE66] and held that "fees and costs in relation to the filing of the instant motion [DE66], the service of the subpoena, and the court reporter shall be award to Plaintiff." [DE69]. The Court stated further that, "Plaintiff shall file an affidavit of costs on or before January 17, 2018." *Id.*

6. Therefore, Plaintiff respectfully requests that this Honorable Court grant this Motion and enter an Order awarding Plaintiff's counsel costs in the amount of **$290.00** and fees in the amount of **$2,143.00** in relation to the Court's Order [DE69] and all related work (totaling $2,433.00 in fees and costs).

## MEMORANDUM OF LAW

The Court has authority pursuant to FRCP 37(a) to compel the depositions. *Hepperle v. Johnston et al.,* 590 F.2d 609, 612 (5th Cir. 1979). In *DiFrancesco v. Home Furniture*

*Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases.

**The Court granted Plaintiff's Motion [DE66] and held that "fees and costs in relation to the filing of the instant motion [DE66], the service of the subpoena, and the court reporter shall be award to Plaintiff." [DE69]. The Court stated further that, "Plaintiff shall file an affidavit of costs on or before January 17, 2018."** *Id.*

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson,* 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Plaintiff relies on the Court's own expertise to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).[2] Furthermore "[t]he court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303)." *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, 8-9 (S.D. Fla. Mar. 9, 2005).

Plaintiff's Counsel seeks attorneys' fees for J.H. Zidell, Esq., Rivkah F. Jaff, Esq., and Neil Tobak, Esq. Attorney J.H. Zidell, Esq., is licensed to practice law in the State of Florida (1994) and the United States District Court for the Southern District of Florida and his Firm has been primarily handling FLSA cases, similar to the instant lawsuit, for approximately 18 years. J.H. Zidell, Esq., has multiple published and unpublished Eleventh Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases. Attorney Rivkah Jaff, Esq. is licensed to practice law in the State of Florida (2013), the United States District Court for the Southern District of Florida (2014), the United States Court of Appeals, Eleventh Circuit (2017), and recently second chaired at Oral Arguments before the Panel of the Eleventh Circuit (Oct. 2017) and has a pending Appeal that is ripe for the Court's review. Rivkah F. Jaff, Esq., is also licensed to practice law in the state of New York (2014) and New Jersey (2013) and has been handling FLSA cases of this nature for approximately three (3) years and nine (9) months (as of

---

[2] "In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir.1988), we discussed the standards that apply to determine hourly rates and hours expended. We defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). To determine reasonable hours expended, we explained a district court could use its discretion to exclude "excessive or unnecessary work on given tasks."" *Norman*, 836 F.2d at 1301. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. Ga. 1997).

October 2017) at the undersigned Firm. Attorney Neil Tobak, Esq. is licensed to practice law in the State of Florida (2011) and the United States District Court for the Southern District of Florida (2017) and has been handling FLSA cases of this nature for approximately one (1) year at the undersigned Firm. Further, Neil Tobak, Esq., has a pending matter before the Supreme Court of Florida.

Based on the credentials of each attorney herein, including the amount of time each attorney has been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates to be reasonable. *See, Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (noting that the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees"). This Court has found the aforementioned attorneys' hourly rates for these attorneys in a FLSA case, based on the experience each of the Plaintiff's attorneys has in this area of the law, to be reasonable and awarded said fees. *See Flores v. Wheels America Miami, Inc., et SL.*, Case No.: 13-21672-CIV-GOODMAN; *See also Perez et al. v. Anastasia M. Garcia, P.A., et al.*, Case No.: 15-20615-CIV-O'SULLIVAN; *See also, Marengo, et al. v. Doorman's Private Ride Service, Inc., et al.*, Case No.: 15-22758-CIV-OTAZO-REYES [CONSENT CASE] [DE133]; *See also* Magistrate Judge Turnoff's Order of March 25th, 2010 finding the undersigned firm's slightly lower rates over (5) years ago to be reasonable in the case of *Reis v. Thierry's Inc. et.al.*, Case 08-20992-CIV-Turnoff [DE 110]; *See also, Silva v. Miller*, 547 F. Supp. 2d 1299, 2008 U.S. Dist. LEXIS 32660 (S.D. Fla., 2008) regarding Judge Seitz's determined approximately (8) years ago regarding rates awarded to J.H. Zidell, Esq.

Plaintiff seeks fees in the total amount of **$2,143.00** as set forth *supra*. The undersigned has reviewed all of the attorneys' fee data referenced herein in good faith, and this motion is well grounded in fact.

| Attorney | Hourly Rate | Hours Billed | Date and Description of Work Performed | Total (Hurly Rate X Hours Billed) |
|---|---|---|---|---|
| Neil Tobak, Esq. | $290.00/hr. | 0.8 hours | 10/18/17: Reviewed case file, researched and skip-traced Defendants, drafted Subpoenas for Deposition in Aid of Execution *Duces Tecum* for each Defendant. | $232.00 |
| J.H. Zidell, Esq. | $390.00/hr. | 0.4 hours | 10/19/17: Reviewed Subpoenas for Deposition in Aid of Execution *Duces Tecum* for each Defendant and revised. | $156.00 |
| Neil Tobak, Esq. | $290.00/hr. | 0.3 hours | 10/19/17: Incorporated revisions to the Subpoenas for Deposition in Aid of Execution *Duces Tecum* for each Defendant and finalized. Gave to legal assistant to ensure timely given to process server to be served. | $87.00 |
| Neil Tobak, Esq. | $290.00/hr. | 0.1 hours | 10/25/17: Followed up with process server to ensure timely served. | $29.00 |
| J.H. Zidell, Esq. | $390.00/hr. | 0.6 hours | 11/2/17: Reviewed | $234.00 |

|  |  |  | Suggestion of Bankruptcy filed on the record [DE62] and discussed with associate regarding upcoming depositions and stay as to individual Defendant. Reviewed petition for bankruptcy of individual Defendant to ensure named as creditor. |  |
| --- | --- | --- | --- | --- |
| J.H. Zidell, Esq. | $390.00/hr. | 0.2 hours | 11/14/17: Reviewed Order Staying case as to individual Defendant and ensured that associate knew case stayed as to same re: depositions coming up. | $78.00 |
| Neil Tobak, Esq. | $290.00/hr. | 1.2 | 11/16/17: Reviewed file and docket, including final judgment and MSJ(s). Researched Defendants' assets, drafted questions for the deposition, reviewed subpoena to ensure questions covered various aspects of subpoena, and met with JZ to discuss same. | $348.00 |
| J.H. Zidell, Esq. | $390.00 | 0.5 hours | 11/16/17: Met with associate to | $195.00 |

| | | | review for deposition in aid of execution *duces tecum* and to ensure certain topics covered. | |
|---|---|---|---|---|
| Neil Tobak, Esq. | $290.00/hr. | 0.5 hours | 11/17/17: Waited for appearance of witness and had Court Reporter issue CAN for non-appearance. | $145.00 |
| Rivkah F. Jaff, Esq. | $290/hr. | 0.6 hours | 11/22/17: Drafted and filed Motion to Compel and for Fees and Costs. | $174.00 |
| Rivkah F. Jaff, Esq. | $290/hr. | 0.1 hours | 11/29/17: Reviewed Court's Order of Referral of Plaintiff's Motion to Compel and for Fees and Costs. | $29.00 |
| Rivkah F. Jaff, Esq. | $290/hr. | 0.1 hours | 1/2/18: Reviewed Magistrate's R&R [DE68] and internally calendared deadlines. | $29.00 |
| Neil Tobak, Esq. | $290.00/hr. | 0.2 hours | 1/2/18: Revised Subpoena in compliance with Court's Order. Provided to process server along with Court's Order to ensure timely served. | $58.00 |
| Rivkah F. Jaff, Esq. | $290.00/hr. | 0.8 hours | 1/3/18: Contacted Court Reporter, Translator, and Process Server to confirm charges for 11/17/17 | $232.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | deposition in aid of execution. Drafted Affidavit in Compliance with Court's Order [DE69]. |  |
| J.H. Zidell, Esq. | $390.00/hr. | 0.3 hours | 1/3/18: Reviewed and revised Plaintiff's Affidavit. | $117.00 |

The Eleventh Circuit has gone so far to hold that "fees on fees" are compensable *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). *See also*, this Court's Order in *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1318 (S.D. Fla. 2009) awarding fees to party for filing post trial motion on fees. Consequently, Plaintiff's counsel may need to supplement the instant motion in relation to fees that continue to accrue during this fee motion process and regarding post-trial matters and herein includes fees and costs in relation to work performed subsequent to the entry of the Court's Order [DE69].

Plaintiff has incurred the total amount of **$290.00** following costs in relation to the Court's Order [DE69] as follows:

| Court Reporter 11/17/17 | $100.00 |
|---|---|
| Translator 11/17/17 | $100.00 |
| Process Server (Corporate Defendant) 10/20/17 | $45.00 |
| Process Server (Corporate Defendant and Court Order [DE69]) 1/2/18 | $45.00 |

*See*, Exhibit "A" – Bill of Costs along with the underlying invoices.

WHEREFORE Plaintiff respectfully requests that this Honorable Court grant this Motion and enter an Order awarding Plaintiff's counsel costs in the amount of **$290.00** and fees in the amount of **$2,143.00** in relation to the Court's Order [DE69] and all related work (totaling $2,433.00 in fees and costs).

### CERTIFICATE OF CONFERRAL

The subject Motion was filed in accordance with the Court's Order [DE69]. No Defendants have appeared in this matter to confer with prior to the filing of the instant Motion.

_____ 1/3/18
Rivkah F. Jaff, ESQ.
J. H. ZIDELL, P.A.
F.B.N. 107511
ATTORNEY FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

ON __1/3/18__: RIVKAH F. JAFF, ESQ., APPEARED AND WHO IS PERSONALLY KNOWN TO ME AND AFFIRMED THAT THE CONTENTS AND ATTACHMENTS TO THIS FEE AND COST MOTION ARE CORRECT.

K. DAVID KELLY
MY COMMISSION # FF 179242
EXPIRES: January 16, 2019
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC/STAMP

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By: _s/ Rivkah F. Jaff, Esq.___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AND U.S. MAIL ON 1/3/18 TO:

(VIA U.S. MAIL)
MARIO'S CLEANING SERVICES, CORP.
1617 NW 58TH AVENUE
MARGATE, FL 33063

BY: __/s/____Rivkah F. Jaff_____
        RIVKAH F. JAFF, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA, )
*and all others similarly situated under 29* )
*U.S.C. § 216(b)*, )
)
 Plaintiff, )
vs. )
)
MARIO'S CLEANING SERVICES, CORP., )
MARIO G. MOLINA, )
)
 Defendants. )
)

## ORDER GRANTING PLAINTIFF'S VERIFIED MOTION/AFFIDAVIT FOR FEES AND COSTS IN COMPLIANCE WITH THE COURT'S ORDER [DE69]

This matter came before the undersigned regarding Plaintiff's above-described Motion, and the Court being advised in the premises, it is:

ORDERED, and ADJUDGED that Plaintiff's Motion is hereby GRANTED in favor of Plaintiff, GRICELDA JANETH RAMOS CARDOZA, c/o J.H. Zidell, P.A., and therefore Defendant, MARIO'S CLEANING SERVICES, CORP., shall pay costs in the amount of **$290.00** and fees in the amount of **$2,143.00** in relation to the Court's Order [DE69] and all related work (totaling $2,433.00 in fees and costs), which shall accrue statutory interest rate from the date of the final judgments onward. Let execution issue forthwith.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this ___ day of _____ 2017.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

MARIO'S CLEANING SERVICES, CORP.
1617 NW 58TH AVENUE
MARGATE, FL 33063