UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA, )
*and all others similarly situated under 29* )
*U.S.C. § 216(b)*, )
)
       Plaintiff, )
vs. )
)
MARIO'S CLEANING SERVICES, CORP., )
MARIO G. MOLINA, )
)
       Defendants. )
_____ )

## PLAINTIFF'S MOTION TO STRIKE [DE73]

Pursuant to the Federal Rules of Civil Procedure, Plaintiff requests entry of an Order Striking [DE73] as non-responsive to the Court's Order [DE69], and as grounds thereof states as follows:

1. On November 14, 2017, the Court entered an Order [DE63] staying this case as to the individual Defendant due to his suggestion of bankruptcy [DE62]. **As such, this Motion is only as to the Corporate Defendant and should in no way be interpreted as an attempt to violate the stay pending at to the individual Defendant. Further, any relief sought herein is only as to the Corporate Defendant in light of the stay as a result of the individual Defendant's pending bankruptcy.**

2. Per the Court's Order [DE69], "Defendant shall have until on or before January 24, 2018 to file a response or objection to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by counsel which relate to filing the instant motion."

3. Upon review of the filing by the individual Defendant [DE73] the signature block includes the signature of the individual Defendant, Mario Molina, Mario's Cleaning

    Services Cop, "Former Owner," individually and as the 30(b)(6) corporate representative of the Corporate Defendant.

4. On October 6, 2017, the Court held in the Order Granting Plaintiff's Motion for Summary Judgment [DE51, FN1], "Defendant Mario's Cleaning Services, Corp. is not represented by counsel in this matter. On August 10, 2015, by written Order, the Court permitted defense counsel to withdraw but cautioned Defendant that it could not represent itself, stating: "'[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.' *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Accordingly, Defendant . . . cannot defend this action until it is represented by counsel.""

5. To date, Defendant has not retained new counsel and **the Corporate Defendant's counsel has not responded in compliance with the Court's Order [DE69]**.

6. It appears that Defendants' filing of [DE73] is being filed on behalf of the Corporate entity by Mario Molina himself as an officer of the company.

7. A review of The Florida Bar's online lawyer database reveals that Mr. Molina is not an attorney licensed in this state.

8. As a corporate entity must be represented by an attorney in this FLSA matter and cannot represent itself, Defendants' filing [DE73] must be stricken.

## MEMORANDUM OF LAW

While the Individual Defendant- who is not known to be an attorney- may proceed *pro se* himself, it is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). "This general rule applies even where a high-ranking officer,

such as a president or a majority stockholder, is available to represent the corporation."

*Morgan Stanley Mortgage Capital Holdings LLC v. Amerimortgage Bankers, LLC*, 07-22378-CIV, 2008 WL 2396192 (S.D. Fla. June 6, 2008). As such, the Corporate Defendant must seek legal counsel and must be represented through that counsel as the Corporate Defendant cannot represent the company *pro se*.

WHEREFORE THE PLAINTIFF REQUESTS THE COURT TO STRIKE DEFENDANTS' FILING/"RESPONSE" AS [DE73].

### CERTIFICATE OF CONFERRAL

No Defense Counsel has appeared on behalf of the Corporate Defendant in this matter to confer with.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 1/25/18 TO:

(VIA U.S. MAIL)
MARIO'S CLEANING SERVICES, CORP.
1617 NW 58TH AVENUE
MARGATE, FL 33063

BY:___/s/___Rivkah Jaff_____
      **RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61059-CIV-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA,  )
*and all others similarly situated under 29*  )
*U.S.C. § 216(b)*,  )
                      Plaintiff,  )
vs.  )

MARIO'S CLEANING SERVICES, CORP.,  )
MARIO G. MOLINA,  )

                      Defendants.  )
_____  )

## **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE [DE73]**

This matter came on to be heard regarding the Plaintiff's above-described Motion and the Court otherwise being advised in the premises, it is:

ORDERED AND ADJUDGED that the Plaintiff's Motion is hereby GRANTED and therefore:

DEFENDANTS' FILING AS [DE73] IS HEREBY STRICKEN.

DONE AND ORDERED in Chambers, Miami, FL on this _____ day of

_____, 2017.

                                                                                        _____
                                                                                        KENNETH A. MARRA
                                                                                       UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record