UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 15-CV-61059-MARRA/MATTHEWMAN

GRICELDA JANETH RAMOS CARDOZA,
and all others similarly situated under 29
U.S.C. § 216(b),

    Plaintiff,

v.

MARIO'S CLEANING SERVICES, CORP.,
MARIO G. MOLINA,

    Defendants.
_____/



## ORDER ON PLAINTIFF'S VERFIED MOTION/AFFIDAVIT FOR FEES AND COSTS IN COMPLIANCE WITH THE COURT'S ORDER [DE 70]

THIS CAUSE was originally before the Court upon Plaintiff, GRICELDA JANETH RAMOS CARDOZA's ("Plaintiff") Motion to Compel Deposition in Aid of Execution *Duces Tecum* and for Fees and Costs [DE 66]. As the Court previously granted Plaintiff's Motion to Compel Deposition in Aid of Execution *Duces Tecum* and for Fees and Costs and awarded Plaintiff fees and costs in relation to the filing of the motion [DE 66], the service of the subpoena, and the court reporter, the Court must now determine the appropriate amount of attorney's fees. *See* DE 69, pg. 2.[1]

### BACKGROUND

The Court previously entered an Order on Plaintiff's Motion to Compel Deposition in Aid

---

[1] Since Defendant Mario G. Molina filed a "Suggestion of Bankruptcy" on November 2, 2017 [DE 62], this Order only addresses Plaintiff's verified Motion for Fees and Costs as it relates to the Corporate Defendant, Mario Cleaning Services, Corp., and not to the individual Defendant, Mario G. Molina. *See* DE 63, DE 65.

1

of Execution *Duces Tecum* and for Fees and Costs on January 2, 2018. *See* DE 69. That Order related to a *duces tecum* 30(b)(6) deposition of the Corporate Defendant. After granting the motion, the Court ordered Plaintiff to file an affidavit of costs and then ordered Defendant to file a response or objection to the hourly rate claimed by Plaintiff's counsel and the number of hours incurred by counsel which relate to filing the instant motion. *Id.*

Plaintiff filed its Verified Motion/Affidavit for Fees and Costs in Compliance with the Court's Order on January 3, 2018. [DE 70]. No response was filed by an attorney representing the Corporate Defendant. Although a Response was filed by an individual named Mario G. Molina [DE 73], the pending Motion is not proceeding against the individual Defendant, Mario G. Molina, at this time due to the stay previously entered earlier in this case as to the individual Defendant. [DE 63]. Thus, the Response filed by Defendant Molina only pertains to Mr. Molina and does not serve as a proper response on behalf of the Corporate Defendant, Mario's Cleaning Services, Corp. The Corporate Defendant is not represented by counsel in this matter at this time because, on August 10, 2015, by written Order, the Court permitted defense counsel to withdraw. In that Order, the Court cautioned the Corporate Defendant that it could not represent itself, stating: "'[T]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.' *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). [DE 22]. Accordingly, the artificial-entity Defendant cannot defend this action until it is represented by counsel." It is clear that the Corporate Defendant has not retained new counsel, and therefore the Response is improper as to the Corporate Defendant and will not be considered by the Court as to the Corporate Defendant. The Court will proceed to rule on the Motion at this time as to the Corporate Defendant as that Corporate Defendant has not filed any response and the time for filing such a response has passed.

## AMOUNT OF FEES AND COSTS

In Plaintiff's Motion, Plaintiff seeks $2,143.00 in attorney's fees and $290.00 in costs. [DE 70, pg. 2]. Plaintiff's counsel seeks attorney's fees for J.H. Zidell, Esq., Rivkah F. Jaff, Esq., and Neil Tobak, Esq. Attorney Zidell seeks an seeks an hourly rate of $390 an hour because he has been licensed to practice law in the State of Florida since 1994 and his firm has been primarily handling FLSA cases for approximately 18 years. [DE 70, pg. 4]. Attorney Jaff seeks an hourly rate of $290 per hour and in support of that rate states that he has been licensed to practice law in the State of Florida since 2013, is barred in the United States District Court for the Southern District of Florida and the United States Court of Appeals, Eleventh Circuit, and has been handling FLSA cases for almost four years. *Id.* Attorney Tobak also seeks an hourly rate of $290 an hour and in support states that he has been licensed to practice law in the state of Florida since 2011 and has been handling FSLA cases for approximately one year. *Id.* Plaintiff's counsel claims to have expended 6.7 hours in relation to the filing of the motion [DE 66], the service of the subpoena, and retaining the court reporter. [DE 70, pg. 6-8].

## DISCUSSION

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F. 3d at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350

3

(11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F. 2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. 2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

4

If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on plaintiff to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

1. COUNSEL'S HOURLY RATE

Plaintiff seeks an award of $2,143.00 for 6.7 hours reasonably expended by attorneys J.H. Zidell, Esq., Rivkah F. Jaff, Esq., and Neil Tobak, Esq. [DE 70]. Specifically, Plaintiff requests hourly rates of $390 an hour for Attorney Zidell, and $290 an hour for Attorneys Jaff and Tobak. *Id.* In support of her request, Plaintiff states that Attorney Zidell been licensed to practice law in the State of Florida since 1994 and his firm has been primarily handling FLSA cases for approximately 18 years. [DE 70, pg. 4]. Plaintiff also states that Attorney Zidell has multiple published and unpublished Eleventh Circuit Appellate decisions on various cases primarily related to the handling of FLSA cases. *Id.* Plaintiff states that Attorney Jaff has been licensed to practice law in the State of Florida since 2013, is barred in the United States District Court for the Southern District of Florida and the United States Court of Appeals, Eleventh Circuit, and has been handling FLSA cases for almost four years. *Id.* Plaintiff adds that Attorney Jaff has an appeal pending in the Eleventh Circuit Court of Appeals, and he is licensed to practice law in New York and New Jersey. *Id.* Plaintiff also states that Attorney Tobak has been licensed to practice law in the state of Florida since 2011, in the United States District Court for the Southern District of Florida since 2017, has been handling FSLA cases for approximately one year, and has a pending matter in front of the

5

Supreme Court of Florida.

Plaintiff also cites to several cases from the Southern District of Florida in which courts have found that $350 and $390 per hour for Attorney Zidell and $200, $225, $260, and $290 per hour for Attorney Jaff was reasonable. *See* DE 124, *Flores v. Wheels America Miami, Inc.*, Case No. 1:13-cv-21672-JG; *Perez et. al. v. Anastasia M. Garcia, P.A., et. al.*, Case No. 1:15-cv-20615-JJO; *Marengo et. al. v. Doorman's Private Ride Service, Inc., et. al.*, Case No. 1:15-cv-22758-AOR.

In determining an appropriate hourly rate, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F. 2d at 1303 (citations omitted). Plaintiff asserts that based on the credentials of each attorney and the time each attorney has been in practice, particularly in the area of labor and employment law, the Court should find the hourly rates reasonable. *See De Armas v. Miabraz, LLC*, 12-20063-CIV-COHN, 2013 WL 4455699 at *3-4 (S.D. Fla. Aug. 16, 2013) (finding hourly rates of $300-350 an hour reasonable for attorney's practicing labor and employment law for the last 7-9 years); *see also Bacallao v. Zidell*, 16-20709-CIV-OTAZO-REYES, 2016 WL 6988883 (S.D. Fla. Nov. 3, 2016) (awarding an attorney practicing since 2009 $350 an hour in an FLSA overtime matter).

Based on the qualifications of each counsel, the fact that Mr. Zidell has practiced employment law for eighteen years, and the Court's own knowledge and experience, the Court concludes that $350 per hour is a reasonable hourly rate for Attorney Zidell, and $250 per hour is a reasonable hourly rate for Attorneys Jaff and Tobak.

## 2. NUMBER OF HOURS REASONABLY EXPENDED

According to the Plaintiff's motion for attorney's fees, Mr. Zidell billed a total of 2 hours on this case, Mr. Jaff billed a total of 1.6 hours on this case, and Mr. Tobak billed a total of 3.1 hours on this case. [DE 58, pg. 5]. If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman*, 836 F. 2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In demonstrating the hours are reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. V. Barnes*, 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

The Court has reviewed Plaintiff's counsel's billing records [DE 70] and finds that some of the legal work carried out by Plaintiff's law firm was somewhat excessive or unnecessary. For example, it took 1.6 hours to draft and finalize and serve the Subpoenas for Deposition in Aid of Execution *Duces Tecum*. Service of subpoenas is not an attorney's task. The billing records also include 0.8 hours reviewing the Suggestion of Bankruptcy and the Order staying the case as to the individual Defendant, which were not conducted in relation with the Motion to Compel. Taking into account the routine nature of the motion filed, it seems clear that the billing by Plaintiff's counsel was somewhat excessive.

7

Because the Court has determined that some of the hours billed by counsel (6.7 hours) were somewhat excessive, a reduction is necessary. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, the undersigned finds that a further across-the-board reduction in hours is appropriate in this case in light of the relatively simple discovery dispute. Accordingly, the undersigned **RECOMMENDS** an across-the-board reduction of Attorney Zidell, Jaff, and Tobak's hours by twenty percent.

After the twenty percent reduction is applied, Plaintiff is entitled to 5.36 hours' worth of attorney's fees. The 2 hours billed by Attorney Zidell shall be reduced to 1.6 hours, billed at $350.00 for a total of $560.00. The 1.6 hours billed by Attorney Jaff shall be reduced to 1.28 hours, billed at $250.00 for a total of $320.00, and the 3.1 hours billed by attorney Tobak shall be reduced to 2.48 hours, billed at $250.00 for a total of $620.00. The Court finds that a total of 5.36 hours spent working on this case is reasonable.

### A. LITIGATION EXPENSES AND COSTS

Plaintiff seeks an award of $290.00 in costs. [DE 70, pg. 9]. These costs include $100.00 for a court reporter fee, $100.00 for a Translator, and $90.00 in process server fees. All of these costs are associated with the service of the subpoena and the court reporter, and therefore the Court finds that an award of $290.00 in costs is reasonable.

### CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Verified Motion/Affidavit

for Fees and Costs in Compliance with the Court's Order [DE 70] is **GRANTED IN PART** and **DENIED IN PART**. It is hereby **ORDERED** that Defendant, MARIO'S CLEANING SERVICES, CORP., shall reimburse Plaintiff, GRICELDA JANETH RAMOS CARDOZA, for her attorney's fees in the amount of $1,500.00 in attorney's fees and $290 in costs, for a total of $1,790.00. Defendant is hereby **ORDERED** to pay the sum of $1,790.00 to Plaintiff GRICELDA JANETH RAMOS CARDOZA on or before April 16, 2018. The check should be made payable to the trust account of Plaintiff's attorney, J.H. Zidell, P.A.

**DONE AND ORDERED** in Chambers this 14th day of March, 2018 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

_William Matthewman_
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE